Captain Alice Fulk Little Rock Police Department 700 West Markham Street Little Rock, AR 72201
Dear Captain Fulk:
I am writing in response to your request, made pursuant to A.C.A. § 25-19-105(c)(3)(B)(i), for my opinion regarding the propriety of your provisional decision, as custodian of files maintained by the Internal Affairs Division of the Little Rock Police Department, to release certain information in response to a request made pursuant to the Arkansas Freedom of Information Act (the "FOIA"), A.C.A. §§ 25-19-101—109 (Repl. 2002 and Supp. 2005). You report that the subject of an internal affairs investigation has requested that you provide him a copy of the investigative file. You further report having tentatively determined to produce the file after redacting any references to other officers in the department. You additionally report that none of the officers who were the subjects of the investigation was suspended or terminated from employment. Finally, you seek my advice as to whether you should provide the requestor with a copy of a videotape included in the file that "may capture officers other" than the officer who has made the FOIA request.
By law, I am directed to opine whether the custodian's decision regarding release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have not supplied me with a copy of the internal affairs investigative file, and I am consequently unable to determine whether you are correct in classifying its contents as "employee evaluation/job performance records." However, in my opinion, if you are correct in this factual determination, I agree with your decision to release the file after all references to other officers have been redacted. With respect to the videotape, I am uncertain what you mean in suggesting that the tape "may capture officers" other than the requesting officer, given that a review of the tape should determine conclusively whether it shows other officers or not. In any event, for reasons discussed below, if the videotape qualifies as an employee evaluation/job performance record of each of the officers portrayed therein, I do not believe it would be appropriate to release the tape in a form that shows any of the other officers who were subjects of the investigation. However, not having seen the tape or been apprised of the circumstances prompting its production, I am unable to answer the factual question of whether it constitutes an "employee evaluation/job performance record." As discussed further below, making this factual determination will be crucial to properly classifying this record and then applying the appropriate legal standard to determine its disclosability.
As just noted, not having reviewed the records in question, I cannot conclusively opine that you have properly classified them. As I noted in Ark. Op. Att'y Gen. No. Opinion No. 2005-267, at 3:
 I have consistently opined that records in an Internal Affairs file that have been generated at the behest of an employer in the course of investigating a complaint against an employee constitute "employee evaluation/job performance records" within the meaning of the FOIA. Ops. Att'y Gen. 2005-094; 2004-178; 2003-306; and 2001-063. I have also stated, however, that "any other records in the Internal Affairs file that are not employee evaluation/job performance records and that constitute `personnel records' must be evaluated under the standard of disclosability for personnel records."[1] Op. Att'y Gen. 2003-306 at 3. Additionally, I have stated that "some of the records contained in [an] internal affairs file may not constitute either employee evaluation/job performance records or personnel records" and that "such records must be evaluated by the custodian to determine whether they are subject to other specific exemptions from disclosure." Id.
at 4. Documents not created in the evaluation process do not come within the rationale behind the 25-19-105(c)(1) exemption. See Op. Att'y Gen. 2005-094. Proper classification of the records in the Internal Affairs file is therefore necessary to determine the applicable test for release of the documents.
The FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed judicially. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ark. Ops. Att'y Gen. Nos.2006-111; 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; 93-055. The record must also have been created for the purpose of evaluating an employee. See,e.g., Ark. Op. Att'y Gen. No. 2006-038; 2004-012. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See
J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 196.
According to opinions of this office, documents such as written reprimands and letters of caution, documents supporting a recommendation for suspension or dismissal, letters related to promotions and demotions, and records that were generated as part of an investigation of allegations of misconduct and that detail incidents that gave rise to such allegations generally fall within the category of "employee evaluations or job performance records." See, e.g., Ark. Ops. Att'y Gen. Nos. 2006-035; 2003-078; 2001-203; 99-147; 93-105; 93-055; 92-231; 91-324. Any such documents contained within an internal investigation file are consequently potentially subject to disclosure as employee evaluation/job performance records.
"Employee evaluation or job performance records" are releasable only if the following three conditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1). Employee evaluation or job performance records cannot be released unless each prong of this test has been met.
You report that there has been no suspension or termination of any of the subjects of the investigation documented in the internal affairs file. Suspension or termination is a threshold requirement for the release of employee evaluation or job performance records. Ark. Ops. Att'y Gen. Nos. 2005-267; 2001-125; 97-189 and 97-154. Accordingly, assuming all of the records are indeed properly classified as employee evaluation/job performance records, it would violate the FOIA to release the file to any member of the general public.
However, A.C.A. § 25-19-105(c)(2) carves out the following exception to this exemption:
 Any personnel or evaluation records exempt from disclosure under this chapter shall nonetheless be made available to the person about whom the records are maintained or to that person's designated representative.
In my opinion, this provision clearly applies to render accessible to the requesting officer an internal affairs file documenting an investigation into his conduct. Nevertheless, as counsel has reportedly further advised you, given that no officer was suspended or terminated as a result of the investigation, it would be inappropriate to release to the requesting officer any portions of the file that refer to other subjects of the investigation.
You apparently have made no determination regarding what portions, if any, to release of the videotape referenced in your request, making it impossible for me to fulfill my limited statutory charge to review the propriety of your decision. You report that this videotape is a part of the internal affairs file and that it "may capture officers other" than the requesting officer. You have not informed me of the content of this videotape, whether the videotape was prepared at the behest of the employer, or, given the conditional in the phrase just quoted, why there is apparently some question whether the videotape "captures" other officers. Under the circumstances, I cannot determine whether the videotape indeed qualifies as either a personnel or an employee evaluation/job performance record of the requesting officer. However, I can and will opine that if it qualifies as either — or, for that matter, if it qualifies as neither and simply constitutes a "public record" — it will be disclosable to the requesting officer either pursuant to A.C.A. §25-19-105(c)(2), which expressly grants an employee access to his own file, or pursuant to the general rule that "public records" as broadly defined at A.C.A. § 25-19-103(5)(A) are generally disclosable unless the law expressly declares otherwise. A.C.A. §25-19-105(a)(1)(A).
A question remains whether the videotape might be classified as a personnel record or employee evaluation/job performance record of any of the other officers who may have been recorded. Assuming the videotape does qualify as an employee evaluation/job performance record with respect to any of these officers — an assumption whose validity I am not situated to test — the fact that no officer has reportedly been suspended or terminated as a result of the investigation means that these officers are entitled to the benefit of the exemption discussed above. Again, assuming the videotape qualifies for the employee evaluation/job performance exemption with respect to these officers, I can do no more than point out that the pertinent provision of the FOIA would appear to be A.C.A. § 25-19-105(f)(2), which directs that "[a]ny reasonably segregable portion of a record shall be provided after deletion of the exempt information." I do not know whether portions of the videotape relating to other officers who were subjects of the investigation might "reasonably" be redacted from the videotape. I can only opine that the videotape, or portions thereof, should not be disclosed to the extent that the footage would relate to these officers if you determine that they are entitled to the exemption.
Finally, with respect to the requirement that an employee evaluation/job performance record have been prepared at the behest of the employer as the result of a decision to investigate an incident involving an employee, I will note that the circumstances giving rise to the creation of the videotape will be relevant in determining how to classify this record. See
Ark. Op. Att'y Gen. No. 2001-191 (opining that if an unsolicited oral complaint is reduced to writing as "a routine administrative act, and not as a result of a decision to investigate the particular complaint," the resulting document is a personnel record, not an employee evaluation/job performance record, and is consequently subject to disclosure if releasing the record would not constitute a "clearly unwarranted invasion of personal privacy," A.C.A. § 25-19-105(b)(12)). In Ark. Op. Att'y Gen. No.2005-032, I summarized the operative principle as follows:
 I have previously opined that if a record was routinely created as a regular administrative practice and was not created as a part of an investigation of the employee, it does not constitute an employee evaluation/job performance record. See, e.g., Op. Att'y Gen. No. 2001-191; 2001-123. Moreover, the fact that a previously created record is later used in an internal investigation of an employee does not transform the record into an employee evaluation/job performance record. See
Ops. Att'y Gen. Nos. 2001-191; 96-257A; 96-168; 96-033.
Again, determining how to classify the videotape in question will involve conducting a detailed factual inquiry into the circumstances of its production. This office is neither authorized nor equipped to conduct such an investigation.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD: cyh
[1] As discussed in greater detail in Opinion No. 2005-032, personnel records are disclosable to the extent that their release would not constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12).